CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 1 1 2015

Sherri R. Carter, Executive Officer/Clerk
By Myrna Beltran, Deputy

MARK RABINOVICH (192883)
JERRY RULSKY (296154)
LAW OFFICES OF MARK RABINOVICH
17337 Ventura Blvd., Suite 228
Encino, California 91316
Tele: (818) 990-6991
Fax: (818) 990-2823
mark@rabinovichlaw.com – e-mail
jerry@rabinovichlaw.com – e-mail

ATTORNEYS FOR PLAINTIFF, KUNICAL INTERNATIONAL GROUP, LTD.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL

UNLIMITED JURISDICTION

| | |
|---|---|
| KUNICAL INTERNATIONAL GROUP, LTD., a Delaware Limited Company,<br><br>Plaintiff,<br><br>Vs.<br><br>TRAVELERS INSURANCE COMPANY, a business entity form unknown; NIPPONKOA INSURANCE COMPANY, LIMITED, a Conneticut Company; TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a business entity form unknown; TRAVELERS COMMERCIAL INSURANCE COMPANY, a business entity form unknown; TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, a business entity form unknown; and DOES 1 through 20, Inclusive,<br><br>Defendants | Case No.: BC569564<br><br>**FIRST AMENDED COMPLAINT**<br><br>(1) BAD FAITH<br>(2) BREACH OF CONTRACT<br>(3) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>D - 62 |

PLAINTIFF KUNICAL INTERNATIONAL GROUP, LTD. (hereinafter "Plaintiff") alleges as follows:

1

COMPLAINT

## GENERAL ALLEGATIONS

1. Plaintiff KUNICAL INTERNATIONAL GROUP, LTD. is, and at all times relevant herein was, a Delaware Limited Company, doing business in the County of Los Angeles, State of California.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant TRAVELERS INSURANCE COMPANY, a busines sentity form unknown, was and is doing business in the County of Los Angeles and the State of California. TRAVELERS INSURANCE COMPANY is an insurance company duly licensed by the State of California and admitted to transact insurance business in the State of California.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant NIPPONKOA INSURANCE COMPANY, LTD., was and is doing business in the County of Los Angeles and the State of California. NIPPONKOA INSURANCE COMPANY, LTD., is an insurance company duly licensed by the State of California and admitted to transact insurance business in the State of California.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA was and is doing business in the County of Los Angeles and the State of California. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA is an insurance company duly licensed by the State of California and admitted to transact insurance business in the State of California.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant TRAVELERS COMMERCIAL INSURANCE COMPANY was and is doing business in the County of Los Angeles and the State of California. TRAVELERS COMMERCIAL INSURANCE

COMPANY is an insurance company duly licensed by the State of California and admitted to transact insurance business in the State of California.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY was and is doing business in the County of Los Angeles and the State of California. TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY is an insurance company duly licensed by the State of California and admitted to transact insurance business in the State of California.

7. Upon information and belief, on March 10, 2013, TRAVELERS INSURANCE COMPANY, NIPPONKOA INSURANCE COMPANY, LIMITED, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, TRAVELERS COMMERCIAL INSURANCE COMPANY, and TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, (hereinafter "DEFENDANTS"), issued to Plaintiff, a commercial liability insurance policy, no. JFMD-0462L451 (hereinafter "Policy").

8. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, association or otherwise, of defendants sued herein as Doe 1 through 20, inclusive, and therefore, at this time, names these defendants by such fictitious names. Upon information and belief, Defendants Doe 1 through 20, inclusive, and each of them, are in some manner responsible for the damages suffered by Plaintiff and/or the wrongs committed upon Plaintiff. Plaintiff shall amend this Complaint to allege the true names and capacities of the above-referenced Does when such capacities are ascertained.

## FIRST CAUSE OF ACTION
## FOR BAD FAITH
(against all Defendants and Does 1-20)

9. Plaintiff hereby incorporates paragraphs 1 through 8, inclusive, as though said paragraphs are stated herein.

10. On or about March 10, 2013, DEFENDANTS issued to Plaintiff, a commercial liability insurance policy no. JFMD-0462L451 (hereinafter "Policy") to Plaintiff.

11. On or about February 28, 2014, plaintiff sustained a loss at Plaintiff's warehouse located at 3091 N. Lima Street, Burbank, California 91504.

12. At all times mentioned herein, the Policy issued by DEFENDANTS covered the type of loss sustained by Plaintiff on or about February 28, 2014.

13. DEFENDANTS, as insurer, owed Plaintiff the duty to reasonably, quickly, and fairly adjust Plaintiff's loss under the implied covenant of good faith and fair dealing contained in every insurance contract.

14. Plaintiff timely reported his loss to DEFENDANTS and complied with all requirements of the Policy with DEFENDANTS and Does 1-20.

15. DEFENDANTS and Does 1-20 committed bad faith by failing to conduct a fair and thorough investigation of Plaintiff's claim, as well as, unreasonably delaying and/or refusing to make full payment on Plaintiff's claim for loss, despite the fact that such claims were covered under the Policy.

16. DEFENDANTS and Does 1-20 refused to make a full payment for the compensation or replacement of the loss pursuant to the Policy and California law.

17. As a proximate result of the aforementioned wrongful conduct of DEFENDANTS and Does 1-20, and each of them, Plaintiff has sustained damages in an amount to be determined at trial, within the jurisdictional limits of this court, estimated to be no less than $100,000.00.

18. The acts of bad faith were conducted deliberately, maliciously and oppressively as a part of a general corporate scheme to withhold sums from its insured under policies sold to him, authorized and ratified by managerial level personnel with the authority to resolve claims. Plaintiff is therefore entitled to the imposition of punitive damages in a sum sufficient to

punish Defendant and Does 1-20 and to deter future acts of misconduct.

19. The actions of DEFENDANTS, and Does 1 through 20, were of such a malicious, oppressive, and fraudulent nature that Plaintiff is entitled to punitive and exemplary damages pursuant to Cal. Civ. Code § 3294.

### SECOND CAUSE OF ACTION
### FOR BREACH OF CONTRACT
(against all Defendants and Does 1-20)

20. Plaintiff hereby incorporates paragraphs 1 through 19, inclusive, as though said paragraphs are stated herein.

21. On or about March 10, 2013, DEFENDANTS issued to Plaintiff, a commercial liability insurance policy no. JFMD-0462L451 (hereinafter "Policy") to Plaintiff.

22. On or about February 28, 2014, plaintiff sustained a loss at Plaintiff's warehouse located at 3091 N. Lima Street, Burbank, California 91504.

23. At all times mentioned herein, the Policy issued by DEFENDANTS covered the type of loss sustained by Plaintiff on or about February 28, 2014.

24. DEFENDANTS, as insurer, owed Plaintiff the duty to reasonably, quickly, and fairly adjust Plaintiff's loss.

25. Plaintiff timely reported his loss to DEFENDANTS and complied with all requirements of the Policy with DEFENDANTS and Does 1-20.

26. Plaintiff performed each and every requirement and covenant of her under the policy, except for those covenants the performance of which was prevented by DEFENDANTS and Does 1-20.

27. DEFENDANTS and Does 1-20, and each of them, breached the Policy by failing to conduct a full fair and thorough investigation of the claim, as well as, unreasonably delaying and/or refusing to make full payment on Plaintiff's claim for loss, despite the fact that such claims

were covered under the policy with Defendant, pursuant to the insurance policy and California law.

28. DEFENDANTS and Does 1-20 refused to make full payment for the compensation or replacement of the loss pursuant to the Policy and California law.

29. As a proximate and direct result of this breach by DEFENDANTS, Plaintiff suffered damages in an amount to be determined at trial, within the jurisdictional limits of this Court, estimated to be no less than $100,000.00.

### THIRD CAUSE OF ACTION
### FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
(against all Defendants and Does 1-20)

30. Plaintiff hereby incorporates paragraphs 1 through 29, inclusive, as though said paragraphs are stated herein.

31. Pursuant to California law, Plaintiff's commercial insurance policy with DEFENDANTS contained an implied covenant of good faith and fair dealing. Said covenant obligated DEFENDANTS to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impeded Plaintiff from performing any or all of the conditions of the contract that it agreed to perform or any act that would deprive Plaintiff of the benefits of the contract.

32. Plaintiff has performed each and every condition, covenant, and promise required on her part to be performed in accordance with the terms and conditions of the Policy.

33. DEFENDANTS knew or should have known that Plaintiff had fulfilled all of its duties and conditions under the policy.

34. Defendant and Does 1-20, and each of them breached the covenant of good faith and fair dealing by failing to conduct a fair and thorough investigation of Plaintiff's claim for loss, as

6
COMPLAINT

well as, unreasonably delaying and/or refusing to make full payment on Plaintiff's claim for loss, despite the fact that such claim(s) were covered under the Policy.

35. As a direct and proximate result of the Defendants' breach of the covenant of good faith and fair dealing, Plaintiff has suffered damages, in an amount to be proven at trial, within the jurisdictional limit of this court, currently estimated to be no less than $100,000.00.

**THEREFORE, PLAINTIFF PRAYS AS FOLLOWS:**

<u>On All Causes of Action</u>

1) For attorney fees to the extent allowed by law;

2) For costs of this litigation to the extent allowed by law;

3) For pre-judgment interest as allowed by law;

4) For such other relieve as the Court may find just and appropriate;

<u>On the FIRST Cause of Action</u>

5) For general damages to be proven at the time of trial, estimated at the time of the filing of this Complaint to be no less than $100,000.00.

6) For punitive and exemplary damages as may be awarded at the time of trial.

<u>On the SECOND Cause of Action</u>

7) For general damages to be proven at the time of trial, estimated at the time of the filing of this Complaint to be no less than $100,000.00.

<u>On the THIRD Cause of Action</u>

8) For general damages to be proven at the time of trial, estimated at the time of the filing of this Complaint to be no less than $100,000.00.

[SIGNATURE ON NEXT PAGE]

Dated: February 2, 2015

Jerry Rulsky
Law Offices of Mark Rabinovich
Attorneys for Plaintiff

8

COMPLAINT